UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE MALDONADO,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES YATES, et al.,<br><br>Defendants. | 1:12-cv-00496-AWI-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 13.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

## I. BACKGROUND

On April 2, 2012, Billy Rae Maldonado ("Plaintiff"), a state prisoner proceeding *pro per* and *in forma pauperis*, filed the Complaint commencing this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court screened the Complaint pursuant to 28 U.S.C. §1915A and issued an order on March 17, 2015, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 10.) On May 1, 2015, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (ECF No. 13.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Mule Creek State Prison in Ione, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there. Plaintiff names as defendants James Yates (Warden), Felix Igbinosa (Chief Medical Officer), M.C. Davis (Associate Warden), McGuha (CCI Counselor), Dr. Coleman (Physician's Assistant), J. Fortune (Physician's Assistant), Nurse Roberts (RN), MTA (Medical Technical Assistant) Turley, Susan L. Hubbard (former Director of Division of Adult Operations), Deborah Hysen (Director of CDCR's Office of Facility Planning, Construction, and Management), Scott Kernan (former head of Department of Adult

Institutions), Chris Meyer (Senior Chief of Facility, Planning, Construction, and Management), Tanya Rothchild (former Chief of CDCR's Classification Services Unit), Teresa Schwartz (former Deputy Director of Adult Institutions), Arnold Schwarzenegger (former Governor of California), and Dwight Winslow, M.D. (former statewide Medical Director for CDCR).

Plaintiff suffers from the disease known as Valley Fever and seeks to hold defendants liable for placing him at PVSP where Valley Fever was prevalent. Plaintiff also seeks to hold defendants liable for their failure to provide him adequate treatment for the disease.

Plaintiff's allegations in the First Amended Complaint are vague and difficult to follow. Plaintiff alleges that on December 21, 2006, he arrived at PVSP. Defendant Nurse Roberts never told him about the prevalence of Valley Fever at PVSP. While at PVSP, Plaintiff contracted Valley Fever.

Plaintiff told defendant MTA Turley about his fever, headaches, aching body, and excruciating pain. She told Plaintiff to lie down, drink water, and rest, and she would be back, but she never returned.

On March 1, 2011, Plaintiff had an annual review with defendant McGuha, counselor. Plaintiff requested an emergency transfer because of Valley Fever. Plaintiff filed a grievance on September 20, 2009. McGuha called defendant M.C. Davis on the phone and told Davis about the transfer. The grievance was denied, and Plaintiff did not get the transfer.

Since September 10, 2008, Plaintiff has been in excruciating pain. Plaintiff contracted pneumonia on his left lung. Plaintiff was allergic to the DeFlucan medication. Plaintiff was at PVSP for 8 years.

Defendant Yates was aware of the dangerous environment because of Valley Fever. It was Defendant's chain of command who transferred Plaintiff to where he contracted the disease.

Dr. Coleman diagnosed Plaintiff's disease. Dr. Fortune prescribed creams and medication to Plaintiff that did not stop the fungus or the inflammation, and the medication had serious side effects. The DeFlucan was not the right treatment and caused Plaintiff to break out with other infections.

Defendant Dr. Igbinosa denied Plaintiff additional medical care or transport to a medical hospital for treatment or other relief.

Plaintiff alleges that Defendants knew that placing Plaintiff in prison where Valley Fever was prevalent at epidemic rates posed an unacceptable risk of irreparable harm. Yet, they not only placed Plaintiff in harm's way, but they also failed to implement simple measures to protect Plaintiff. They could have transferred Plaintiff away. To make matters worse, Defendants allowed major construction nearby, which churns the soil and throws the spores into the air.

Plaintiff requests monetary and injunctive relief.

**IV. PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

**A. Valley Fever**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment by housing him in a Valley Fever endemic area.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832

(1994). The Eighth Amendment is not a mandate for broad prison reform or excessive federal judicial involvement. See Hallett, 296 F.3d at 745; Hoptowit, 682 F.2d at 1246. Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.] . . .
>
> As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303. This requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

Farmer, 511 U.S. at 834 (citations omitted); see also Hope v. Pelzer, 536 U.S. 730, 737-38 (2002); Wilson v. Seiter, 501 U.S. 294, 299-300 (1991) (discussing subjective requirement).

Plaintiff was advised in the Court's prior screening order that the Courts of this district have found claims arising from the housing of prisoners in a Valley Fever endemic area to be insufficient.

> "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL

> 546212,*4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complains.") More recently, in addressing a claim that CDCR officials are responsible for the contraction of Valley Fever by knowingly housing an African American inmate with a history of asthma in an endemic area, it has been held that "unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." Hines v. Youssef, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015).

(Screening Order, ECF No. 10 at 3); see also Smith v. State of California, 2016 WL 398766, #1 (E.D. Cal. Feb. 2, 2016) ("It has long been the position of this court that a constitutional right, whether under the Eighth or Fourteenth Amendments, is not violated where a prisoner or detainee is subjected to a condition that is no more dangerous than what the people in the community where the confinement occurs freely tolerate."); Cunningham v. Kramer, 2016 WL 1545303 (E.D. Cal. Apr. 15, 2016) (discussing history of case law in Valley Fever cases).

In Jackson v. Brown, this Court found that even if prison officials had violated inmates' Eighth Amendment rights to be housed in correctional facilities where they were not exposed to harmful Valley Fever spores, prison officials were qualifiedly immune because these rights were not clearly established, given lack of any controlling case law recognizing such a right. Jackson v. Brown, 134 F. Supp. 3d 1237, 1237 (E.D. Cal. 2015); accord Smith v. Schwarzenegger, F.Supp 3d. 1233, 1252 (E.D. Cal. 2015), citing Wilson v. Layne, 526 U.S. 603, 617 (1999) (no "consensus of cases" has emerged "such that a reasonable [prison official] could not have believed that his actions were lawful.");

Under this law, Plaintiff fails to state a cognizable claim against any of the Defendants for violation of his Eighth Amendment right to be housed in a correctional facility where he was not exposed to harmful Valley Fever spores.

**B. Supervisory Liability**

Plaintiff names defendants who hold supervisory positions, such as James Yates (Warden), Felix Igbinosa (Chief Medical Officer), M.C. Davis (Associate Warden), Susan L.

Hubbard (former Director of Division of Adult Operations), Deborah Hysen (Director of CDCR's Office of Facility Planning, Construction, and Management), Scott Kernan (former head of Department of Adult Institutions), Chris Meyer (Senior Chief of Facility, Planning, Construction, and Management), Tanya Rothchild (former Chief of CDCR's Classification Services Unit), Teresa Schwartz (former Deputy Director of Adult Institutions), Arnold Schwarzenegger (former Governor of California), and Dwight Winslow, M.D. (former statewide Medical Director for CDCR). As Plaintiff was advised in the Court's prior screening order,

> "[G]overnment officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights."

Plaintiff has failed to link any of the supervisory defendants named above with an affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Therefore, Plaintiff fails to state any claims against defendants Yates, Igbinosa, Davis, Hubbard, Hysen, Kernan, Meyer, Rothchild, Schwartz, Schwarzenegger, or Winslow.

**C. Medical Claim**

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a "deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a Court must examine whether the plaintiff's medical needs were serious. See Id. Second, a Court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132. "The indifference to his medical needs must be substantial. Mere

'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff has not alleged facts suggesting deliberate indifference. Plaintiff fails to allege facts indicating that any of the Defendants were aware of a specific risk of harm to Plaintiff, or that they consciously disregarded such a risk when administering medical care to Plaintiff, denying Plaintiff additional treatment, or denying Plaintiff transportation to a medical hospital for treatment. Therefore, Plaintiff fails to state an Eighth Amendment medical claim against any of the Defendants.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez, 203 F.3d at 1127.

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-Strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 9, 2016**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE